```
              UNITED STATES DISTRICT COURT              FILED
              NORTHERN DISTRICT OF ALABAMA
                     EASTERN DIVISION                98 FEB 24 PM 2:49

                                                     U.S. DISTRICT COURT
ANDREW HARLAND BRYANT and    }                         N.D. OF ALABAMA
MARY WILKINS BRYANT, etc.,   }
                             }
     Plaintiffs,             }    CIVIL ACTION NO.
                             }                            Cleo
     vs.                     }    CV-98-AR-168-E
                             }
CHAPEL HILL FUNERAL HOME,    }                         ENTERED
INC.,                        }
                                                       FEB 2 4 1998
     Defendant.
```

**MEMORANDUM OPINION**

On January 6, 1998, defendant, Chapel Hill Funeral Home, Inc. ("Chapel Hill"), removed to this court the above-entitled action from the Circuit Court of Calhoun County, Alabama. The removal occurred within thirty (30) days of the state court's order certifying this action as a class action. At present, the court has before it the motion of plaintiffs, and class representatives, Andrew Harland Bryant and Mary Wilkins Bryant (the "Bryants"), to remand the case to the state court. Plaintiffs filed their motion on February 3, 1998, and the court entertained oral argument on the motion at its February, 13, 1998, motion docket. The court now concludes that plaintiffs' motion to remand is due to be granted.

In opposing the Bryants' motion, Chapel Hill relies almost exclusively upon Battle v. Liberty Nat'l Life Ins. Co., CV-70-H-

8

752-S.  Battle was a complex and protracted case in which several funeral home owners in Alabama sued the issuer of more than one million burial and/or vault insurance policies for alleged violations of federal anti-trust statutes.  See Battle v. Liberty Nat'l Life Ins. Co., 660 F. Supp. 1449, 1450 (N.D.Ala. 1987) (discussing history of Battle litigation).  Although certain aspects of the Battle litigation are ongoing, the case essentially culminated in a "Final Judgment" issued by Judge James H. Hancock of this court on January 6, 1978.  Paragraph XXXIII of that decree provided:

> This Court retains jurisdiction of the subject matter and all parties hereto for the purpose of enabling any of the parties to this action to apply to the Court at any time for further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of this Final Judgment.

(Exh. 2 to Def.'s Mem. In Opp'n To Pl.'s Mot. To Remand).

Like many before it, Chapel Hill argues that, pursuant to paragraph XXXIII, federal courts have continuing jurisdiction over cases that involve issues related to the Battle litigation. Chapel Hill next argues that, because the instant action centers on claims for breach of contract and fraud arising out of the same type of burial insurance policy at issue in Battle, this court must exercise its purported continuing jurisdiction and adjudicate the issues presented by the Bryants on behalf of themselves and others similarly situated.  Chapel Hill summarizes

its arguments as follows:

> The Final Judgment in Battle addresses the benefits and services to be provided under Liberty National Burial Insurance Policies. In stating the terms under which Liberty National and Brown-Service could continue to do business with a funeral director class, the Battle Court dictated the terms of the contract between Brown-Service and the funeral director class. (Citation omitted). It is this contract which the Plaintiff class in Bryant now seeks to have interpreted by the Circuit Court of Calhoun County. This contract also serves as the underlying basis for their claims of fraud. **Because this matter involves the same class certified by Judge Hancock in Battle, involves the interpretation of a contract approved in that litigation and involves the same theories of recovery, the instant action clearly falls within the continuing jurisdiction under the Battle decree and should be consolidated with the Battle case.**

Id. at 3 (emphasis supplied).

By advancing the foregoing arguments, Chapel Hill effectively concedes that its notice of removal is untimely. The Bryants' claims for breach of contract and fraud appear in their amended complaint. (Doc. 47 of Exh. 5 to Notice of Removal). The Bryants served their amended complaint on Chapel Hill on or about November 14, 1996. Id. Logic dictates that, if the Final Judgment in Battle creates a basis for federal jurisdiction, and if, as Chapel Hill contends, the Bryants' claims are now removable because they so clearly implicate the Battle Final Judgment, then the same was true on or about November 14, 1996. As a result, Chapel Hill should have been able to make this determination and to remove this case within thirty (30) days of receiving service of the amended complaint as per 28 U.S.C. §

1446(b). Given that it failed to do so, the court concludes that Chapel Hill's notice of removal is untimely and, consequently, that it has no jurisdiction in this matter.

Anticipating this problem, recognized by other judges of this court, Chapel Hill argues that it did not ascertain that it could remove this case until the state court certified it as a class action on December 31, 1997. (Exh. 1 to Def.'s Mem. In Opp'n To Pl.'s Mot. To Remand). This argument is without merit. Obviously, if, as Chapel Hill urges, the Bryants' **claims** so clearly implicate Battle such that they invoke the purported continuing jurisdiction of this court, then those claims do so whether they are brought by one plaintiff, by two plaintiffs, or by one million plaintiffs. There was no magic in the class certification by which a federal question suddenly came into being or by which the federal court became a superior forum for resolving the issues.

In accordance with the foregoing, plaintiffs' motion to remand will be granted by separate and appropriate order.

DONE this 24th day of February, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE